In re:  Case No. 17-05071-RNO
Nusmira Dedic  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: KADavis     Page 1 of 2     Date Rcvd: Jul 27, 2018
                    Form ID: pdf002     Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 29, 2018.
```
db             +Nusmira Dedic,    5 Queen Anne Court,    Camp Hill, PA 17011-1733
5000809        +Apothaker Scian,    520 Fellowship Road C306,    PO Box 5496,    Mt Laurel, NJ 08054-5496
5000810       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank of America,    PO Box 982238,    El Paso, TX  79998)
5000812         Bureau of Acct Mgmt Pinnacle,    3607 Rosemont Ave Suite 502,    PO Box 8875,
                Camp Hill, PA  17001-8875
5000813        +Bureaus fka Cap One,    650 Dundee Rd Suite 370,    Northbrook, IL 60062-2757
5084068         Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5000814        +Cavalry Assignee Citibank,    500 Summit Lake Drive,    Suite 400,    Valhalla, NY 10595-2321
5000815        +Cavalry Portfolio Citibank,    500 Summit Lake Drive,    Suite 400,    Valhalla, NY 10595-2322
5000816        +Citimortgage,    PO Box 6243,    Sioux Falls, SD 57117-6243
5000819        +Elanco Financial,    PO Box 108,    St Louis, MO 63166-0108
5000820        +Enmina Memic,    600 Meadow,    Camp Hill, PA 17011-1824
5000823        +M&T Bank Mortgage,    PO Box 900,    Millsboro DE 19966-0900
5000824        +Macys,    PO Box 8218,    Mason, OH 45040-8218
5000827         Midland Funding fka Citibank,    2365 Northland Drive,    Suite 300,    San Diego, CA  92108
5000828        +Mustafa Dedic,    5 Queen Anne Ct,    Camp Hill, PA 17011-1733
5086844        +Nationstar Mortgage LLC d/b/a Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
5000829         Portfolio Recovery fka Capital One,    120 Corp Blvd Ste 100,    Norfolk, VA  23502
5000830        +Sears Citibank,    PO Box 6282,    Sioux Falls, SD 57117-6282
5000831        +Second Round Retail fka Sync,    4150 Freidrich Lane Suite I,    Austin, TX 78744-1052
5080221       ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
               (address filed with court:  U.S. Bank National Association,   dba Elan Financial Services,
                 Bankruptcy Department,    PO Box 108,    St. Louis MO 63166-0108)
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5000811        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 27 2018 19:22:41     Bon Ton,   PO Box 182789,
                Columbus, OH 43218-2789
5085779        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 27 2018 19:28:02
                Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
                PO Box 41021,    Norfolk VA 23541-1021
5074350        +E-mail/Text: bankruptcy@cavps.com Jul 27 2018 19:23:02     Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5000817        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 27 2018 19:22:41     Comenity Bank,
                PO Box 182789,    Columbus, OH 43218-2789
5000818        +E-mail/PDF: creditonebknotifications@resurgent.com Jul 27 2018 19:28:07     Credit One Bank,
                PO Box 98872,    Las Vegas, NV 89193-8872
5000822        +E-mail/Text: bnckohlsnotices@becket-lee.com Jul 27 2018 19:22:27     Kohls,    PO Box 3115,
                Milwaukee, WI 53201-3115
5087483         E-mail/Text: camanagement@mtb.com Jul 27 2018 19:22:36     M&T Bank,   P.O. Box 840,
                Buffalo, NY 14240-0840
5000825        +E-mail/Text: camanagement@mtb.com Jul 27 2018 19:22:36     MandT Bank,    PO Box 900,
                Millsboro, DE 19966-0900
5000826        +E-mail/Text: camanagement@mtb.com Jul 27 2018 19:22:36     MandT Bank,
                1 Fountain Plaza 9th Floor,    Buffalo, NY 14203-1495
5000911        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 27 2018 19:27:29
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5074573         E-mail/Text: bnc-quantum@quantum3group.com Jul 27 2018 19:22:42
                Quantum3 Group LLC as agent for,    Second Round LP,    PO Box 788,    Kirkland, WA  98083-0788
5000832        +E-mail/PDF: gecsedi@recoverycorp.com Jul 27 2018 19:27:26     Synchrony Bank Walmart,
                PO Box 965024,    Orlando, FL 32896-5024
5000833        +E-mail/PDF: gecsedi@recoverycorp.com Jul 27 2018 19:27:26     Toys R Us Sychrony Bank,
                PO Box 965001,    Orlando, FL 32896-5001
5000834        +E-mail/Text: vci.bkcy@vwcredit.com Jul 27 2018 19:22:58     VW Credit Inc,    1401 Franklin Blvd,
                Libertyville, IL 60048-4460
                                                                                               TOTAL: 14
```

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5000821       ##+Helping America Group,    150 E Palmetto Park Rad,    Suite 800,    Boca Raton, FL 33432-4833
                                                                                    TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 29, 2018                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 27, 2018 at the address(es) listed below:
          Brian C Nicholas    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
           bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
          D. Troy Sellars    on behalf of Asst. U.S. Trustee    United States Trustee
           D.Troy.Sellars@usdoj.gov, ustpregion03.ha.ecf@usdoj.gov
          James  Warmbrodt    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
          Michael S Travis    on behalf of Debtor 1 Nusmira  Dedic Mtravislaw@comcast.net
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 6
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
NUSMIRA DEDIC

CHAPTER 13

CASE NO. 1-17-05071

_X_ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)
_0_ Number of Motions to Avoid Liens
___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 10, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | x Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | x Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan

the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $10,800.00, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 6/2018 | 6/2020 | $300.00 | | $300.00 | $10,800.00 |
| | | | | | |
| | | | | Total Payments: | $10,800.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( x ) Debtor is over median income. Debtor calculates that a minimum of $00.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $__0.00__. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

x  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from

the sale of property known and designated as _____
_____. All sales shall be completed by
_____, 20\_\_\_\_. If the property does not sell by the
date specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

x  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

\_\_\_  Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Bankr. Rule 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

\_\_\_  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

x  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless

otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | Real estate 5 Queen Anne Ct Camp Hill | |
| M&T Bank | Real estate 5 Queen Anne Ct Camp Hill, PA | |

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

x  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Mr. Cooper | Real Estate 5 Queen Anne Ct, Camp Hill | 0.00 | | any |
| M&T Bank | Real Estate 5 Queen Anne Ct | $5,150.00 | | $5,150.00 |
| VW Credit | Volkswagen | $452.00 | | $452.00 |

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

_x_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910

days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for present value interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

_x__ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

x   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___  Upon plan confirmation, bankruptcy stays under §§ 362(a) and 1301 are terminated as to the following collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay before confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

x   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | | |
|---|---|---|
| The name of the holder of the lien. | | |
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's fees.** Complete only one of the following options:

      a. In addition to the retainer of $1,722.00 already paid by the Debtor, the amount of $2,278.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   x   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   \_\_\_  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   _x_   None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   \_\_\_  Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 10.

| Name of Creditor | Estimated Total Payment |
|---|---|

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   x   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   \_\_\_  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

    x    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    ___    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    x    None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

    ___    The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Creditor | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **REVESTING OF PROPERTY.** *Describe property to be vested by stating "All" or by describing with specificity.*

Property of the estate will vest in the Debtor upon ___confirmation ___discharge x closing of the case, except as follows (describe property and time of vesting):

_____

7. **DISCHARGE:** (Check one)

    x  The debtor will seek a discharge pursuant to § 1328(a).
    ( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).



## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: _____    _____
                          Attorney for Debtor

                          _____
                          Debtor, Nusmira Dedic

                          _____

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Version 12/1/17